IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL JAMES UPSHER,<br><br>            Petitioner,<br><br>         v.<br><br>WARDEN BURNS; THE ATTORNEY<br>GENERAL OF THE STATE OF<br>PENNSYLVANIA; THE DISTRICT<br>ATTORNEY FO THE COUNTY OF<br>ALLEGHENY COUNTY,<br>            Respondents. | Civil Action No. 10 - 1473<br><br>District Judge Donetta W. Ambrose<br><br>Magistrate Judge Lisa Pupo Lenihan |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed as untimely and that a certificate of appealability be denied.

**II.    REPORT**

Plaintiff is a prisoner currently serving a life sentence at the State Correctional Institution at Laurel Highland, Pennsylvania. He has filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition should be dismissed as untimely because it was not filed within the one-year limitations period provided for under 28 U.S.C. § 2244(d).

**A. Relevant Procedural History**

The Petition, along with the attached PCRA Court Opinion (ECF No. 1-3), sets forth the following facts. On July 27, 1979, following a jury trial in the Court of Common Pleas of Allegheny County, Pennsylvania, Petitioner was convicted of murder in the second degree and

1

related robbery charges and was sentenced to life without parole. Petitioner filed a direct appeal from his sentence, which was affirmed by the Supreme Court of Pennsylvania on October 8, 1981. *See* Commonwealth v. Upsher, 495 Pa. 620, 620 (1981). Petitioner filed a timely *Petition for Writ of Certiorari* in the United States Supreme Court, which was denied on February 22, 1982. *See* Upsher v. Pennsylvania, 455 U.S. 959 (1982).

On November 14, 1984, Petitioner filed a petition pursuant to the Post Conviction Hearing Act (PCHA), which was denied on July 11, 1985. Petitioner filed an appeal to the Superior Court of Pennsylvania and in an order dated March 26, 1986, that court remanded the case back to the Court of Common Pleas for an evidentiary hearing. After an evidentiary held on October 27, 1986, the PCHA Court denied the petition on November 13, 1986. No appeal was taken. However, on December 5, 1991, Petitioner filed a Petition for Production of Records to prepare an appeal of his PCHA hearing. Appointed Counsel filed a "no-merit" letter on February 23, 1994. On March 28, 1995, the Court dismissed Petitioner's petition. Petitioner did not appeal.

On April 21, 1998, Petitioner filed a petition for relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. § 9542. On December 17, 1998, Petitioner's PCRA Petition was dismissed as time barred by the PCRA one-year limitation period. Petitioner filed a timely appeal from this Order and the Superior Court of Pennsylvania affirmed the PCRA Court's order dismissing the petition on July 13, 1999.

On December 6, 2002, Petitioner filed his fourth PCRA petition and on March 17, 2003, the Court held that it was time barred. Petitioner appealed and on November 13, 2003, the Superior Court of Pennsylvania affirmed the PCRA Court's dismissal as time-barred. The

Supreme Court of Pennsylvania denied Petitioner's timely filed Petition for Allowance of Appeal on April 27, 2004.

On July 28, 2008, Petitioner filed a fifth PCRA Petition, which was dismissed as time-barred on May 26, 2009. Petitioner filed his federal Petition for Writ of Habeas Corpus in this Court on November 4, 2010.

### B. Time Period for Filing Federal Habeas Corpus Petitions

The first consideration in reviewing a federal habeas corpus petition is whether the petition was timely filed under the one-year limitations period applicable to such petitions. In this regard, the federal habeas corpus laws were amended pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 142 Cong. Rec. H3305-01 (April 24, 1996), which provides as follows.

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (as amended).

The Court of Appeals for the Third Circuit has held that the statute of limitations set out in § 2244(d)(1) must be applied on a claim-by-claim basis. Fielder v. Varner, 379 F.3d 113 (3d Cir. 2004), *cert denied*, 125 S.Ct.904 (Jan. 10, 2005). Thus, in analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the "trigger" date for the individual claims raised in the Petition. Typically, this is the date that the petitioner's direct review concluded and the judgment became "final" for purposes of triggering the one-year period under section § 2244(d)(1)(A). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

In the instant action, the United States Supreme Court denied Petitioner's *Petition for Writ of Certiorari* on February 22, 1982. Consequently, direct review of Petitioner's conviction became "final" on that date. *See* Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the time limit (90 days) for filing a writ of certiorari in the Supreme

Court); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999) (same for 28 U.S.C. § 2255 motions). Because Petitioner's judgment became final before the April 24, 1996 effective date of AEDPA, he had one year from that date, *i.e.*, until April 23, 1997 to file a federal habeas corpus petition challenging his conviction. *See* Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998) (holding that the new one-year limitations period in the AEDPA became effective, i.e., first began to run, on the effective date of the AEDPA statute, April 24, 1996); Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001) (holding that petitioners whose convictions became final before the effective date of AEDPA had up until, and including, April 23, 1997 to file a timely petition under § 2244(d)(1)).

In the case at bar, however, Petitioner did not file his federal Habeas Petition by April 23, 1997; instead, his federal habeas corpus petition was not filed in this Court until October 31, 2010[1]. Thus, this court must determine whether Petitioner can take advantage of the "tolling" provision in section 2244(d)(2). In this regard, as stated above, section 2244(d)(2) provides that "[t]he time during which a **properly filed** application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). In Carey v. Saffold, 536 U.S. 214, 122 S.Ct. 2134 (2002), the Supreme Court made quite clear that to be deemed "properly filed" under 28 U.S.C. § 2244(d)(2), an application for collateral review in state court must satisfy the state's procedural timeliness requirements. *See also* Artuz v. Bennett, 531 U.S. 4 (2000). Moreover, the Court of Appeals for the Third Circuit specifically has found that untimely PCRA petitions do not statutorily toll the AEDPA one-year limitations

---

1 This is the date of his Petition, not the actual date of filing, which was a few days later.

period.  *See* Fahy v. Horn, 240 F.3d 239 (3d Cir. 2001).  Similarly, the Court of Appeals for the Third Circuit has determined that an untimely application for state post-conviction relief by a petitioner, who sought but was denied application of a statutory exception to the PCRA's time bar, is not "properly filed" under 28 U.S.C. § 2244(d)(2).  *See* Merritt v. Blaine, 326 F.3d 157 (3d Cir. 2003).

With respect to the instant Petition, all three of Petitioner's PCRA Petitions filed after the effective date of the AEDPA limitations period were denied as time barred.  Consequently, Petitioner may not take advantage of the tolling provision under 28 U.S.C. § 2244(d)(2).  Thus, his one-year limitations period ended on April 23, 1997.  Unfortunately for him, Petitioner did not file his federal habeas corpus petition until October 31, 2010, over thirteen years after his limitations period had expired.  Nothing in the record in this action indicates that Petitioner is entitled to take advantage of any of the other provisions triggering the one-year limitations period.  In this regard, Petitioner's petition for habeas corpus and his attachments do not indicate that Petitioner suffered any impediment to filing his federal petition. 28 U.S.C. § 2244(d)(1)(B).  Nor has he asserted that his claims are based on a new constitutional right recognized by the United States Supreme Court and made retroactive to cases on collateral review.  28 U.S.C. § 2244(d)(1)(C).  In addition, he has not shown that his claims are based upon a factual predicate that could not have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(D).

Finally, after reviewing Petitioner's claims, there is no indication that the doctrine of equitable tolling should be applied in this action.  Although AEDPA's one-year limitation in §

2244(d) is a statute of limitations, not a jurisdictional bar, and, therefore, may be equitably tolled:

> Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998) (internal citations, quotations, and punctuation omitted). The burden of establishing entitlement to the extraordinary remedy of equitable tolling rests with the petitioner. *Id*. at 978.

The United States Court of Appeals for the Third Circuit has indicated that equitable tolling of the AEDPA statute of limitations is permitted if: "(1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.) (internal citation omitted), *cert. denied,* 513 U.S. 1086 (2001). In the instant action, Petitioner has not carried his burden of showing any extraordinary circumstances beyond his control that accounted for his failure to have filed his habeas petition in a timely manner. *See, e.g.*, Johnson v. Hendricks, 314 F.3d 159 (3d Cir. 2002) (agreeing with other circuits in holding that in non-capital cases, an attorney's mistake in determining a petitioner's one-year limitations period does not constitute extraordinary circumstances for purposes of equitable tolling).

The discussion above reveals that the Petition for Writ of Habeas Corpus in the instant action was not timely filed in accordance with the directives in 28 U.S.C. § 2244(d). The Court

notes that the it has inherent power to raise this defense *sua sponte* in cases arising under 28 U.S.C. §§ 2254 and 2255. See Day v. McDonough, 547 U.S. 198, 209 (2006) (holding that district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition); United States v. Bendolph, 409 F.3d 155, 166-168 (3d Cir. 2005) (federal court's inherent power to *sua sponte* raise statute of limitations issue continues after court's preliminary consideration of motion and continues regardless of whether government has failed to assert limitations defense in its answer to motion). Consequently, it is recommended that the Petition be dismissed as untimely. If he chooses, Petitioner may submit objections addressing the Court's timeliness determination.

### C. Certificate of Appealability

Section 2253 generally governs appeals from district court orders regarding habeas petitions. Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a State court unless a certificate of appealability (COA) has been issued. A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). There is a difficulty with this provision when the District Court does not decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right. In Slack v. McDaniel, 529 U.S. 473 (2000) the Supreme Court held that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and

that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable that Petitioner did not file his habeas petition within the one-year limitations period. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

Based on the discussion above, it is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed as untimely and that a certificate of appealability be denied.

In accordance with the applicable provisions of the Magistrate Judges Act [28 U.S.C. § 636(b)(1)(B) & (C)] and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen days from the date on which the objections are served to file its response. A party's failure to file timely objections may constitute a waiver of that party's appellate rights.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

Dated: November 18, 2010

cc:   Paul Upsher
      AP-4601
      SCI Laurel Highland
      P.O. Box 631
      Somerset, PA 15501-0631